UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA STATE OF, WILLIAM HYATTE, CURTIS HILL, MCF ADMINISTRATION, <br><br> Defendants. | CAUSE NO. 3:20-CV-760-RLM-MGG |

OPINION AND ORDER

Richard A. Spann-El, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Giving the complaint liberal construction, Mr. Spann-El claims that on or about February 22, 2020, four inmates at Miami Correctional Facility "jumped" him and told him that he would be killed or seriously hurt if he didn't move off the dorm by that following Monday. He put in a request for protective custody, but it was denied. He says that he "broke security" to "force" a move off the dorm,

which caused him to be "slammed and tased" by unnamed guards. Still, he wasn't moved off the dorm. Thenext Monday he left the prison temporarily for court proceedings. A few days after his return, unknown inmates assaulted him. He suffered eye damage, back pain, and other injuries. He seeks $10 million in damages based on these events.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim can;t be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). A plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough[.]" Hildreth v. Butler, 960 F.3d 420, 425–26 (7th Cir. 2020).

Mr. Spann-El describes events that could potentially give rise to a viable deliberate indifference claim against a defendant with direct personal knowledge of the impending assault. But he names only the State of Indiana, Indiana Attorney General Curtis Hill, MCF Warden William Hyatte, and "MCF Administration" as defendants. The Eleventh Amendment bars his claim for damages against the State of Indiana. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019). The complaint gives no indication that the Warden or the Attorney General, were personally involved in these events or personally aware that Mr. Spann-El was at risk of being attacked by other inmates. They can't be held liable simply because they oversee law-enforcement operations within the state or supervise correctional staff. See Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009); George v. Spann, 507 F.3d 605, 609 (7th Cir. 2007). "MCF Administration" appears to a be a department within the prison, not a person or even a policy-making body that can be held liable under 42 U.S.C. § 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Spann-El's current complaint doesn't state a claim upon wich relief could be granted against any defendant.

In the interest of justice, the court will allow Mr. Spann-El to amend his complaint if, after reviewing the court's order, he believes that he can state a claim for relief against a proper defendant, consistent with the allegations he has already made. See Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1025 (7th Cir. 2013).

For these reasons, the court GRANTS the plaintiff until **December 14, 2020**, to file an amended complaint if he so wishes. If he doesn't respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on November 16, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
