UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-760-RLM-MGG |
| INDIANA STATE OF, et al., | |
| Defendants. | |

OPINION AND ORDER

Richard A. Spann-El, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint, giving the complaint liberal construction, and dismiss it if it fails to state a claim for relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This complaint is somewhat difficult to parse, but Mr. Spann-El appears to claim that in late February 2020, inmates at Miami Correctional Facility accosted him and told him that he would be killed or seriously hurt if he didn't move off "N-dorm" by the next Monday. He claims those inmates mistook him for someone who owed a debt to another inmate. He made requests for protective custody with Captains Bennett, Fisher, and Pickens (first names unknown), and also told Officer Kaylor and Officer Cruz (first names unknown) about the danger he faced. His requests for protective custody and/or to be moved off the dorm were denied, and the officers allegedly ignored his concerns. The next Monday he left the prison temporarily for court proceedings. He was sent back to N-dorm

on his return. Several inmates assaulted him on his way to the cafeteria a few days later. As a result of the attack, he suffered eye damage, back pain, and other injuries. He seeks damages and injunctive relief based on these events.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). Giving Mr. Spann-El the inferences to which he is entitled at this stage, he alleges that Captain Fisher, Captain Bennet, Captain Pickens, Officer Cruz, and Officer Kaylor all had direct knowledge that he was at risk of harm from other inmates in the N-dorm, but allegedly did nothing to protect him, and he was attacked and injured as a result. He will be permitted to proceed on a claim for damages against these defendants.

Mr. Spann-El also lists two "John Doe" officers as defendants, without explaining how these unnamed officers were involved in these events, if at all.

"[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997). These unnamed defendants will be dismissed. Mr. Spann-El might also intend to name the State of Indiana as a defendant, as he lists this party in the caption but not in the section designated for identifying the defendants. The Eleventh Amendment bars a claim for damages against the state. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019).

Mr. Spann-El asks for injunctive relief in the form of immediate release from custody. Release from custody isn't a proper remedy for a constitutional violation related to the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, 488 (1973); Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005). Mr. Spann-El doesn't specifically request injunctive relief related to an ongoing need for protection from other inmates, and the events he describes happened a full year ago.[1] This is Mr. Spann-El's third attempt to articulate his claims. He will not be granted leave to proceed on a claim for injunctive relief.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Captain Fisher, Captain Bennet, Captain Pickens, Officer Cruz, and Officer Kaylor (first names unknown) in their personal capacities for monetary damages for failing to protect him from harm by other inmates in violation of the Eighth Amendment;

---

[1] An envelope accompanying Mr. Spann-El's most recent filing suggests that he is no longer living in the N-dorm and is instead in "PHU" dorm. (ECF 16-2 at 1.)

(2) DISMISSES all other claims;

(3) DISMISSES the State of Indiana, John Doe #1, and John Doe #2 as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Captain Fisher, Captain Bennet, Captain Pickens, Officer Cruz, and Officer Kaylor (first names unknown) and to send them a copy of this order and the amended complaint (ECF 16) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Captain Fisher, Captain Bennet, Captain Pickens, Officer Cruz, and Officer Kaylor to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 26, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT