UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA, et al., <br><br> Defendant. | CAUSE NO.: 3:20-CV-760-RLM-MGG |

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, is proceeding in this case "against Captain Fisher, Captain Bennet, Captain Pickens, Officer Cruz, and Officer Kaylor (first names unknown) in their personal capacities for monetary damages for failing to protect him from harm by other inmates in violation of the Eighth Amendment[.]" ECF 17 at 3. Mr. Spann-El's complaint alleges that the defendants failed to protect him when other inmates threatened and assaulted him in February 2020. The defendants filed a joint motion for summary judgment, arguing Mr. Spann-El didn't exhaust his administrative remedies before filing suit. Mr. Spann-El filed a response, along with an authorized supplemental response. The defendants filed a reply. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). Administrative remedies aren't considered available when prison staff hinder an inmate's ability to use the administrative process. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative

grievance." Hill v. Snyder, 817 F.3d 1037, 1041 (7th Cir. 2016). A remedy becomes 'unavailable' if prison employees don't respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

The defendants argue that Mr. Spann-El didn't exhaust his administrative remedies because he "filed no accepted or rejected formal grievances in 2020, therefore, he did not file a formal grievance related to the allegations related to this lawsuit that he claims occurred in February 2020." ECF 31 at 10. Mr. Spann-El responds that the grievance process was effectively unavailable to him because he was denied access to grievance forms and the grievances he did submit were ignored. Specifically, Mr. Spann-El attests to the following facts: Mr. Spann-El was housed in the infirmary after he was attacked in February 2020, where he didn't have access to grievance forms. Mr. Spann-El requested grievance forms from his counselor while he was in the infirmary, but his counselor was unable to provide the forms, instead instructing him to submit his grievances on pink request forms. Mr. Spann-El submitted grievances on the pink request forms but got no response. After Mr. Spann-El left the infirmary, he was placed in a restricted housing unit, where he likewise was unable to obtain any grievance forms. Mr. Spann-El continued to submit grievances on the pink request forms, but continued to receive no response. In early to mid-March, Mr. Spann-El obtained and submitted at least one grievance form while in the restricted housing unit, but he never received any response. In late May, Mr. Spann-El was able to obtain another grievance form and placed the completed

form in the dorm mailbox, but again received no response. After receiving no response to his grievances, Mr. Spann-El asked several counselors and correctional officers about his grievances and was told he couldn't file a grievance about being assaulted by another inmate. A grievance that Mr. Spann-El submitted "later in 2020" was returned as untimely.

The defendants don't dispute Mr. Spann-El's assertion he had limited access to grievance forms while in the infirmary and restricted housing unit, so the court accepts that as undisputed. The defendants do dispute Mr. Spann-El's assertion he submitted grievances in 2020 that were ignored or rejected as untimely, as they argue Mr. Spann-El never submitted any grievances in 2020. *This leaves* a genuine issue of fact regarding whether Mr. Spann-El submitted grievances in 2020 related to his claims in this lawsuit which were either ignored or rejected as untimely. Resolving this issue will require a hearing as explained in Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008). The court won't schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 30) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing isn't requested by **December 22, 2021**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED on November 22, 2021

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

4