UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-760-RLM-MGG

BENNET, et al.,

    Defendants.

OPINION AND ORDER

Richard A. Spann-El, a prisoner proceeding without a lawyer, moves for a preliminary injunction requiring his immediate transfer to another correctional facility. This is his second request for a preliminary injunction in the case; his previous motion, which sought immediate release from custody and other relief, was denied in October 2021. (ECF 35.)

Mr. Spann-El is proceeding on a claim for damages against several correctional officers who allegedly failed to protect him from being attacked by other inmates in February 2020 in violation of the Eighth Amendment. The defendants asserted an exhaustion defense, which the court determined could not be resolved without an evidentiary hearing under Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008). Since January 2022, the Magistrate Judge has been conducting proceedings related to the evidentiary hearing, including allowing Mr. Span-El to conduct discovery. The hearing has already been rescheduled once and is now scheduled for August 30, 2022.

In this motion, Mr. Spann-El asserts that he is suicidal, is being held against his will in the restrictive housing unit (rather than a protective custody unit) after asserting that he was at risk of harm from other inmates, and has had some of his "legal documents" confiscated. He argues that it is a "conflict of interest" to keep him at his current facility because he has filed lawsuits against staff members there. He argues that he can't proceed with the *Pavey* hearing and needs an immediate transfer to another facility.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020). A "mere possibility of success is not enough." *Id*. at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon

a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. at 22.

Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one Mr. Spann-El seeks—are "cautiously viewed and sparingly issued." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). A court's ability to grant injunctive relief is significantly circumscribed in the prison context; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also* Rasho v. Jeffreys, 22 F.4th 703, 711-713 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the prison setting).

Several of the issues Mr. Spann-El raises in his motion fall outside the scope of this lawsuit. He has other lawsuits pending in which he alleges that he needs mental health treatment because he is suicidal, and that he needs to be in the protective custody unit because recent events have placed him at risk of being harmed by other inmates.[1] *See* Spann-El v. Miami Correctional Facility, No. 3:22-CV-450-JD-

---

[1] Mr. Spann-El is barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury because he has filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Since being told he was three-struck, he has filed a spate of cases arguing that he is in imminent danger. *See* Spann-El v. State of Indiana, et al., 3:20-CV-1011-DRL-MGG (N.D. ind. closed Feb. 16, 2021); Spann-El v. State of Indiana, et al., 3:22-CV-114-DRL-MGG (N.D. Ind. closed Mar. 15, 2022); *Spann-El v. Hall*, 3:22-CV-115-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-116-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-117-DRL-MGG (N.D. Ind. closed Mar. 17, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-450-JD-MGG (N.D. Ind. filed

MGG (N.D. Ind. filed June 10, 2022) (need for mental health treatment); Spann-El v. Miami Correctional Facility, No. 3:22-CV-541-JD-MGG (N.D. Ind. filed July 13, 2022) (need for protection from other inmates). He has filed motions for preliminary injunctions in both cases, one of which remains pending. For him to raise duplicative claims in multiple cases is an abuse of the judicial process. Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also* Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993). The court cannot grant Mr. Spann relief on issues that fall outside the scope of the claims he is proceeding on in this case. Westefer v. Neal, 682 F.3d at 681. His claims in this case pertain only to a past injury stemming from events occurring in February 2020 when other inmates allegedly mistook him for someone who owed them a debt.

Mr. Spann argues that there is a "conflict of interest" in keeping him at his current facility because he is suing staff members there, but that alone is no basis to grant him the extraordinary remedy of a preliminary injunction. Otherwise, a prisoner could effectively obtain a transfer simply by filing suit against an official at their current prison. Courts can't let a prisoner "engineer" an Eighth Amendment violation in this fashion. Rodriguez v. Briley, 403 F.3d 952, 953 (7th Cir. 2005). This would also contravene the principle that where best to house a prisoner is a matter on which prison officials are entitled to substantial deference. *See* Meachum v. Fano, 427 U.S. 215, 224 (1976); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996).

---

June 10, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-541-JD-MGG (N.D. Ind. filed July 13, 2022). In two of the referenced cases, the court determined that he met the imminent danger exception.

Mr. Spann argues that certain "legal documents" have been confiscated, but he doesn't identify these documents with any specificity and it's not clear how, if at all, they are linked to this case. Other than making broad-brush allegations, he also doesn't explain in any detail why he can't litigate the case without these documents. If he need copies of exhibits related to the upcoming *Pavey* hearing or believes there are grounds for rescheduling the hearing a second time, he can file a motion asking for such relief from the assigned magistrate judge. This court finds no basis to grant Mr. Spann the extraordinary remedy of a preliminary injunction ordering his immediate transfer to another facility.

For these reasons, the court DENIES the plaintiff's motion for a preliminary injunction (ECF 68).

SO ORDERED on August 17, 2022

                                                        s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT