UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

        v.                          CAUSE NO. 3:20-CV-760-RLM-MGG

BENNET, et al.,

    Defendants.

## OPINION AND ORDER

Richard A. Spann-El, a prisoner proceeding without a lawyer, moves for a preliminary injunction, his third such request in the case. The court issued an order denying his second request only three weeks ago. (ECF 69.)

As outlined in that order, Mr. Spann-El is proceeding on a claim for damages against several correctional officers who he says failed to protect him from being attacked by other inmates in February 2020. The defendants have asserted an exhaustion defense, which the court determined couldn't be resolved without an evidentiary hearing under Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008). Since January 2022, the Magistrate Judge has been conducting proceedings related to the Pavey hearing, including allowing Mr. Span-El to conduct discovery.

Two weeks before the scheduled Pavey hearing, Mr. Spann-El moved for a preliminary injunction. He asserted that he was suicidal, was being held against his will in the restrictive housing unit, and had some of his "legal documents" confiscated. He argued that it was a "conflict of interest" to keep him at his current facility because

he has filed lawsuits against staff members there, that he couldn't proceed with the Pavey hearing, and that he needed an immediate transfer to another facility.

The court decided that he didn't meet the requirements for a preliminary injunction. Several of the issues he raised fell outside the scope of this lawsuit, and others duplicated claims he is already litigating in other cases, including his ongoing need for protection from other inmates and his ongoing need for treatment for suicidal ideations. *See* Spann-El v. Miami Correctional Facility, No. 3:22-CV-450-JD-MGG (N.D. Ind. filed June 10, 2022); Spann-El v. Miami Correctional Facility, No. 3:22-CV-541-JD-MGG (N.D. Ind. filed July 13, 2022). The court determined that he was not entitled to an immediate transfer, but instructed that if he needed relief pertaining to the upcoming Pavey hearing, such as more time or access to documents, he could make a motion seeking such relief.

He didn't make such a motion, and instead filed this motion renewing his request for a preliminary injunction. The motion is quite difficult to decipher in places, but it consists of arguments about missing legal documents and other matters, including the attack by other inmates in 2020, his drug use, and his mental health.

Since the motion was filed, the Magistrate Judge held a status conference and issued an order continuing the evidentiary hearing to September 28, 2022. The order notes that Mr. Spann-El represented at the hearing that "he now has sufficient access to his property to prepare for the evidentiary hearing and will file his exhibits." (ECF 72.) To the extent Mr. Spann-El is asking for relief related to the Pavey hearing, such as a need for more time or access to documents, that issue appears to have been

2

resolved. To the extent he is asking this court to order his transfer or for other preliminary injunctive relief, his request is denied for the reasons fully outlined in the court's order of August 17, 2022.

For these reasons, the plaintiff's motion (ECF 70) is DENIED.

SO ORDERED on September 8, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
